# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3020

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Terrence Williams, also known as Rico, | * | |
| also known as Terron Darrel Williams, | * | [PUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 11, 2003

Filed:  April 14, 2003

_____

Before WOLLMAN, R. ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant-Appellant Terrance Williams pled guilty to conspiracy to distribute cocaine and crack cocaine.  Based on the drug quantity, William's role in the conspiracy, his acceptance of responsibility, and his criminal history, he was assessed a total offense level of 39 and a criminal history of category VI.  The applicable

guideline range was therefore 360 months to life imprisonment. The district court[1] granted a downward departure for substantial assistance based on the government's motion under U.S.S.G. § 5K1.1 and sentenced Williams to 168 months imprisonment. The district court refused to depart further downward to the 120 month statutory minimum urged by Williams. On appeal, Williams challenges the district court's refusal to grant a further departure.

In general, the extent of a downward departure is not subject to review. United States v. McCarthy, 97 F.3d 1562, 1577 (8th Cir. 1996); United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995); United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993) ("[W]e may not review the extent of the district court's downward departure, regardless of the district court's reasons for refraining from departing further."). A refusal to depart downward may, however, become reviewable if a "defendant [makes] a 'substantial showing' that the district court's refusal to depart 'was based on an unconstitutional motive.'" McCarthy, 97 F.3d at 1578 (quoting Wade v. United States, 504 U.S. 181, 186 (1992)). Here, Williams argues that the district court improperly relied on evidence of his involvement in a crime for which he was not charged, namely, the murder of four-year-old Davisha Gillum by William's fellow gang members. Williams does not allege that the district court's refusal to depart further was the result of an unconstitutional motive. Accordingly, the extent of his departure remains unreviewable, and the judgment of the district court is affirmed.

A true copy.

Attest.

U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.