# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3632

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Minnesota. |
| | * | |
| Albert Adonis Thompson, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 12, 2004

Filed:  May 20, 2004

_____

Before BYE, HAMILTON,[1] and HANSEN, Circuit Judges.

_____

PER CURIAM.

Albert Adonis Thompson pleaded guilty to manufacturing counterfeit obligations of the United States in violation of 18 U.S.C. § 471. At sentencing, the district court[2] applied a two-level enhancement for obstruction of justice under United States Sentencing Guidelines (U.S.S.G.) § 3C1.1 and denied Mr. Thompson's motion

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

for a downward departure.  Mr. Thompson appeals the district court's sentencing decisions, and we affirm.

I

On May 24, 2000, police officers in Lakeville, Minnesota, arrested Lindsay Bauer after she attempted to make a fast-food purchase using a counterfeit $100 bill. Ms. Bauer told the police she received the bill from her boyfriend, Albert Adonis Thompson.  Two days later, the United States Secret Service interviewed Mr. Thompson at Lakeville High School, where he was an eighteen-year-old senior.  In a written statement, he admitted he had used his computer to produce as many as fifty sheets containing three copies each of the bill and had sold about twenty-five sheets to various people.  He also volunteered he had destroyed the sheets remaining in his possession and deleted images of the bill from his computer hard drive after learning of Ms. Bauer's arrest.  Agents who later searched Mr. Thompson's computers were unable to recover the deleted files.

In a three-count indictment, Mr. Thompson was charged with manufacturing, transferring, and passing and attempting to pass counterfeit United States obligations. He pleaded guilty to the manufacturing count.  At sentencing, the court applied a two-level enhancement for obstruction of justice, finding Mr. Thompson had destroyed evidence of his counterfeiting operation.  The court also denied his motion for a downward departure and finally sentenced him to fifteen months of imprisonment and three years of supervised release.[3]

---

[3]The court sentenced Mr. Thompson at the low end of the range under Criminal History Category I, offense level 14.  Without the enhancement, the applicable range would have been 10-16 months.  Thus, the 15-month sentence was at most 5 months longer than it would have been without the enhancement.

In rendering its sentencing decisions, the district court observed the unfairness it perceived in applying the enhancement for conduct the government would not have discovered or been able to prove without Mr. Thompson's voluntary confession. In denying the defense motion for a downward departure to "undo" the effects of the enhancement, the district court remarked:

> There is another thing that frankly bothers me, and that is, judges read newspapers and watch news broadcasts on television, and I know [the prosecutor] you're under a great deal of pressure now . . . and I think the Court's under some pressures now because frankly I follow the trials and tribulations of my chief judge. Consequently, I'm frankly I'm not going to give the exceptions. I'm going to apply the enhancement, because I think technically you [the prosecutor] are correct. *There is no way I can read the sentencing guidelines to avoid the conclusions that you reach.* Even though [defense counsel] makes the best common sensical argument and the best argument based on policy, and the best arguments based on what probably is right, in a true sense of the word. This is one of the those areas where the sentencing guidelines have a lapse, and it can cause a problem for the Court in this case, but *I'm going to go ahead and use the sentencing guidelines rather than challenge the sentencing guidelines at this point . . . .*

Sentencing Transcript at 9-10 (emphasis added).

On appeal, Mr. Thompson argues the district court erroneously applied the obstruction-of-justice enhancement and improperly relied on political considerations in denying a downward departure.

## II

We review for clear error a sentencing court's factual findings under U.S.S.G. § 3C1.1 and review *de novo* the court's application of the Sentencing Guidelines to the facts. United States v. Molina, 172 F.3d 1048, 1058 (8th Cir. 1999). Mr.

-3-

Thompson does not challenge the district court's findings he destroyed both the hard and digital copies of the counterfeit obligations. As a result, our review is limited to the court's application of § 3C1.1 to undisputed facts.

Application Note 4 of § 3C1.1 contains a non-exhaustive list of the types of conduct constituting obstruction of justice, including the destruction of material evidence such as documents. The fact the government would not have known of the destroyed evidence without the defendant's cooperation does not take the conduct outside the scope of § 3C1.1. Thus, reviewing the record *de novo*, we hold Mr. Thompson's admitted conduct falls within § 3C1.1 and conclude the district court properly applied the two-level enhancement.

III

"A refusal to depart by a sentencing court that is aware of its authority to do so is not appealable." United States v. Booker, 186 F.3d 1004, 1007 (8th Cir. 1999). The district court specifically considered and rejected the defense motion for a downward departure pursuant to U.S.S.G. §§ 5K2.0 and 5K2.16. The court was undoubtedly aware it had the authority to grant the departure but declined to do so under the facts of this case.

Mr. Thompson maintains impermissible political considerations deterred the district court from granting the downward departure. True, a refusal to depart becomes reviewable if a defendant makes a substantial showing the district court's refusal was based on an unconstitutional motive. United States v. Williams, 324 F.3d 1049, 1050 (8th Cir. 2003). But we find no such motive on the part of the district court. The district court merely expressed sympathy for the defendant's position and frustration with the Guidelines as they apply in this case. Thus, had the district court acted upon the allegedly impermissible motive, it would have granted, rather than denied, Mr. Thompson's downward-departure motion. Instead, despite its own views,

the court properly refrained from granting a departure it believed was unauthorized by the Guidelines. As the court stated, addressing government counsel, "There is no way I can read the sentencing guidelines to avoid the conclusions that you reach . . . I'm going to go ahead and use the sentencing guidelines rather than challenge [them] at this point . . . ." Sentencing Transcript at 10. Finding no unconstitutional motive, we conclude the district court's refusal to grant the downward departure is unreviewable on appeal.

## IV

Because the district court properly applied the Guidelines to the undisputed facts in this case, the court correctly assessed the obstruction-of-justice enhancement. Further, the district court's refusal to grant a downward departure is unreviewable on appeal. Accordingly, we affirm both sentencing decisions.

_____