# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1164

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Willie Jones, also known as Douchy, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: July 29, 2004
Filed: August 11, 2004
Vacated: August 27, 2004
Reinstated: August 3, 2005

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Willie Jones pleaded guilty to two drug offenses, one of which carried a mandatory term of life imprisonment because of Jones's two prior felony drug convictions. After granting the government's motion for a downward departure based on Jones's substantial assistance, the district court[1] sentenced Jones to 280 months imprisonment and 10 years supervised release, and ordered $460 restitution. On

———————

[1]The Honorable Mark Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

appeal, Jones's counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the adequacy of the factual basis for the plea, and the district court's application of the Sentencing Guidelines, including the extent of the downward departure. Having thoroughly reviewed the record, we affirm for the following reasons.

Jones acknowledged he committed the acts comprising the elements of the offenses to which he entered guilty pleas. <u>See</u> <u>United States v. Marks</u>, 38 F.3d 1009, 1012 (8th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1067 (1995). We cannot review the extent of the downward departure granted by the district court. <u>See</u> <u>United States v. Williams</u>, 324 F.3d 1049, 1049-50 (8th Cir. 2003) (per curiam). We find no misapplication of the Sentencing Guidelines, or any other nonfrivolous issues, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). Accordingly, we affirm the judgment of the district court.

We also grant defense counsel's motion to withdraw. Counsel is reminded of the obligations under Part V of this Court's Amended Criminal Justice Act Plan. Specifically, counsel is to advise the defendant of the right to file a petition for writ of certiorari in the Supreme Court of the United States, and to inform the defendant as to the merits and likelihood of success in the filing of such a petition. If counsel determines there are meritorious issues, defense counsel shall assist the defendant in filing a petition for writ of certiorari. If counsel determines there are no meritorious issues warranting the filing of a petition for writ of certiorari, counsel shall advise the defendant of the procedures for filing a petition pro se, and the time limits for the filing of such a petition. Counsel shall file a certification with the clerk within 30 days certifying that he has complied with his obligations under Part V.

_____