# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1218

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of Minnesota.
Moualee Kottke,                    *
                                   *      [UNPUBLISHED]
          Appellant.               *

_____

Submitted: December 13, 2004
Filed: July 7, 2005

_____

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Moualee Kottke was convicted of bank fraud in violation of 18 U.S.C. § 1344(2), and identity theft in violation of 18 U.S.C. § 1028(a)(7). After she entered a guilty plea on April 9, 2003, Kottke opened a savings account in her name at a credit union and cashed forged checks at the credit union.

At sentencing, Kottke argued that she was entitled to a sentencing reduction for acceptance of responsibility. United States Sentencing Guideline § 3E1.1 provides that a court may decrease a defendant's sentence by two levels if the defendant "clearly demonstrates acceptance of responsibility for [her] offense."

Application Note 1 to § 3E1.1 provides that "appropriate considerations include, but are not limited to . . . (a) truthfully admitting the conduct comprising the offenses . . . ; (b) voluntary termination or withdrawal from the criminal conduct or associations . . . ." Although she admitted that she opened a bank account and cashed forged checks after her guilty plea, Kottke offered expert testimony that she was suffering from a pathological gambling disorder. Kottke claimed that her gambling disorder resulted in an impairment of her judgment with respect to her attempts to obtain money to gamble.

Kottke also argued that she should be given a downward departure from the applicable sentencing guideline range because of her pathological gambling addiction. Under U.S.S.G. § 5K2.13, a "sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."

The district court[1] refused to decrease Kottke's offense for acceptance of responsibility because Kottke committed further acts of fraud after she was indicted and pled guilty. The district court also declined to depart downward based on Kottke's gambling addiction. Although the court accepted that Kottke had a gambling disorder, it did not find that Kottke's gambling addiction substantially contributed to her offense conduct.

In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Kottke's counsel argues that the district court erred by refusing to grant a downward adjustment for acceptance of responsibility. Counsel also contends that "[t]he district court's refusal to grant acceptance of responsibility or a downward departure based

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, presiding.

on diminished capacity due to a pathological gambling addiction, and other issues the appellant asserts through the affidavit of counsel, all implicate ineffective assistance of counsel and should be preserved for a hearing in the district court under 28 U.S.C. 2255." (Kottke Br. at 7). Counsel argues that "the record on appeal does not show all of [former] counsel's deficiencies," and asserts that under the rule of *Massaro v. United States*, 538 U.S. 500 (2003), "all of her ineffective assistance of counsel claims should be preserved for a hearing in the district [c]ourt under 28 U.S.C. 2255." (*Id*. at 12).

Upon careful review of the record, we conclude that the district court did not commit clear error in declining to award Kottke a downward adjustment for acceptance of responsibility. Kottke's continued criminal conduct after the entry of her guilty plea was a sufficient basis to justify the district court's decision. *See United States v. Ngo*, 132 F.3d 1231, 1233 (8th Cir. 1997). The district court's discretionary decision not to depart downward from the applicable sentencing guideline range is unreviewable on appeal. *United States v. Charles*, 389 F.3d 797, 800 (8th Cir. 2004).

Consistent with our "oft repeated refrain," *United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003), we decline to address Kottke's claims of ineffective assistance of counsel, because they are more appropriately raised in a collateral proceeding under 28 U.S.C. § 2255, where a better factual record can be developed. *Id.; United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (claims of ineffective assistance of counsel should not be considered on direct appeal "[e]xcept where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice"); *United States v. Santana*, 150 F.3d 860, 863 (8th Cir. 1998) ("We will consider such a claim on direct appeal only in those exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice."). Given that we routinely refuse to consider claims of ineffective assistance

on direct appeal despite an appellant's plea that we do so, we see no reason to consider such claims in this case, where counsel specifically asserts that "the record on appeal does not show all of counsel's deficiencies" and urges that "all" of Kottke's ineffective assistance of counsel claims should be preserved for a hearing in the district court under 28 U.S.C. § 2255. (Kottke Br. at 11-12).

After filing an initial *Anders* brief, Kottke's counsel sought leave to file a supplemental brief in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and then moved for a "limited remand for resentencing" in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Kottke did not object to her sentence in the district court based on the Sixth Amendment or the application of mandatory sentencing guidelines, so we review her sentence under the plain-error standard. *United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc).

Upon review of the record as a whole, we conclude that Kottke has not established a reasonable probability that the district court would have imposed a more favorable sentence under the advisory guideline system announced in *Booker*. *See Pirani*, 406 F.3d at 553. In declining to depart downward from the then-mandatory guidelines, the district court stated, "I have heard nothing to give me confidence that a sentence below the guideline range would be safe for the financial well-being of the community, so I am not going to depart downward." (S. Tr. 48). The court then imposed sentence in the middle of the applicable guideline range of 87 to 108 months, saying "[t]he low end is not appropriate given the extent of the uncharged conduct and the severity of the fraud, and the fact that the defendant will continue to perpetrate fraud on the community unless she is physically stopped from it. I see absolutely no reason to believe that she would voluntarily stop." (S. Tr. 48). In view of these remarks by the district court, we hold that Kottke has failed to show that she is entitled to relief under the plain-error standard of *Pirani*. We also conclude that Kottke's sentence, which was within the advisory guideline range, was reasonable with regard to 18 U.S.C. § 3553(a).

Following our independent review of the record, *see Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for direct appeal. We thus affirm the judgment of the district court, and we grant counsel's motion to withdraw. Appellant's motion for leave to file a supplemental brief and motion for limited remand are denied. We note that the district court may consider appointment of counsel for purposes of a separate action seeking relief under § 2255, *see* 18 U.S.C. § 3006A(a)(2)(B), and because of the efficiencies involved, it often will be appropriate to reappoint appellate counsel if he or she is not the subject of the claimed ineffective assistance. In this case, we see no reason why the district court should not reappoint appellate counsel to represent Kottke in connection with any § 2255 motion that she may file.

_____