# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2924

———————

United States of America,

    Appellee,

v.

Damarius Asim Simmons,

    Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*
\*

———————

Submitted: December 13, 2007
Filed: December 18, 2007

———————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Damarius Simmons appeals the 270-month sentence the district court[1] imposed after granting the government's post-judgment Federal Rule of Criminal Procedure 35(b) motion to reduce his sentence based on substantial assistance. Simmons's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the reduced sentence is unreasonable because (1) the court did not adequately consider Simmons's extraordinary cooperation or the danger it posed to himself and his family; and (2) other defendants who have provided similar

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

assistance have received much larger reductions. In a pro se supplemental brief, Simmons argues that both the government's recommendation of a 25% sentencing reduction and the court's decision to adopt that recommendation were unconstitutionally motivated by racial animus. For support, he contends that the Northern District of Iowa is notorious for granting smaller sentencing reductions to blacks than whites, as allegedly shown in a Department of Justice (DOJ) report for the years 1987 to 2004, and that his counsel deliberately ignored his request to obtain the DOJ report and moved to withdraw, effectively depriving Simmons of his rights to present evidence in the district court and to appeal.

To begin, we decline to consider any ineffective-assistance claim that Simmons may be raising. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent").

Further, while Simmons purports to challenge the reasonableness of his reduced sentence, he is actually appealing the district court's ruling on the government's Rule 35(b) motion, which we lack jurisdiction to review. *See United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007) (per curiam) (court lacks jurisdiction to hear appeal of district court's decision on Rule 35(b) motion; *United States v. Booker*, 543 U.S. 220 (2005), did not expand 18 U.S.C. § 3742(a) to include appellate review of discretionary sentencing reductions; although defendant framed issue as sentence's overall reasonableness, he was appealing district court's ruling on motion to reduce sentence). As to Simmons's argument that the government's sentencing recommendation and the court's sentencing decision were based on racial animus, we conclude that he has made no showing of such motivation in the instant case. *See United States v. Williams*, 324 F.3d 1049, 1050 (8th Cir. 2003) (per curiam) (court's refusal to depart further under U.S.S.G. § 5K1.1 is not reviewable unless defendant makes substantial showing that court's decision was based on unconstitutional

motive); *United States v. Marks*, 244 F.3d 971, 973 n.1 (8th Cir. 2001) (court relies on § 5K1.1 cases in analyzing application of Rule 35(b)); *cf. Wade v. United States*, 504 U.S. 181, 185-86 (1992) (district court may review government's refusal to file substantial-assistance motion and grant remedy if refusal to file is based on unconstitutional motive, but mere showing that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of government's improper motive, is insufficient).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for direct appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____