# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1357
_____

United States of America

*Plaintiff - Appellee*

v.

Davon L. Coppage

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 12, 2014
Filed: December 2, 2014
_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Davon Coppage pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His presentence investigation report (PSR) concluded that Coppage had a criminal history of VI and an offense level of 19, yielding an advisory Guidelines range of 63 to 78 months. Coppage objected to the inclusion of five convictions from municipal court in his PSR on the basis that they were obtained in violation of his Sixth Amendment right to counsel. The district

court[1] overruled the objection, finding that Coppage had failed to meet his burden of proof, and sentenced him to 63 months' imprisonment. We affirm the judgment of the district court.

## I. Background

Coppage was arrested by Kansas City police officers for trespassing in an apartment complex. During a search incident to the arrest, the police found a firearm in a backpack that Coppage was carrying. Coppage was indicted and pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). His PSR included five 2010 Kansas City, Missouri Municipal Court convictions that had been consolidated and resolved on the same day. The convictions had arisen from five separate arrests that occurred in 2008 and 2009, and resulted in a concurrent 60-day jail term for Coppage. The PSR allotted two criminal history points for each conviction, equaling ten out of his total fifteen points. Without these ten points, Coppage's resulting criminal-history category would have been III, rather than VI.

The electronic records of these 2010 convictions provided by the municipal court neither indicate the name of Coppage's defense attorney nor note that he waived his right to counsel. In contrast, separate and unchallenged conviction records from the Kansas City, Missouri Municipal Court in 2012 provide the names of the defense attorneys who represented Coppage.

At his sentencing hearing, Coppage objected to the use of the 2010 municipal court convictions in his PSR, arguing that the court records failed to establish that he had been represented by counsel, or had waived that right, in violation of the Sixth Amendment and Missouri Law. The district court declined to find the 2010

---

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

2

convictions invalid and relied upon them when sentencing Coppage to 63 months' imprisonment, the bottom of his Guidelines range.

## II. Discussion

We review de novo whether a prior conviction was obtained in violation of the defendant's right to counsel. Moore v. United States, 178 F.3d 994, 997 (8th Cir. 1999). "Generally, defendants may not collaterally attack prior convictions used for sentencing enhancements." Id. "A narrow exception to this rule applies if the prior conviction was obtained in violation of the defendant's right to counsel." United States v. Levering, 431 F.3d 289, 294 (8th Cir. 2005). "Under this exception, the government has the initial burden of proving the fact of conviction, and then the defendant must show that the conviction was constitutionally infirm." Moore, 178 F.3d at 997. A defendant bears the burden of proving the unconstitutionality of his convictions "by a preponderance of the evidence." United States v. Reyes-Solano, 543 F.3d 474, 487 (8th Cir. 2008). A "presumption of regularity . . . attaches to final judgments, even when the question is waiver of constitutional rights." Parke v. Raley, 506 U.S. 20, 29 (1992) (quotation omitted).

Coppage points out that his 2010 conviction records do not list the name or names of the defense attorneys representing him or indicate that he waived his right to counsel, while similar records from 2012 list the names of his attorneys. He argues that the district court should have inferred from this discrepancy that his 2010 convictions were obtained in violation of his right to counsel. This discrepancy alone is not sufficient to meet Coppage's burden of proof. Though the 2010 records lack the names of defense counsel, these earlier records also do not have any blank spaces where this information was meant to be provided. One feasible explanation for the discrepancy in the 2010 and 2012 computer records is that in 2010, no space was allotted for the input of this information; perhaps this omission was remedied by 2012. Regardless of the explanation for the inconsistency in the forms, however, it is not the duty of the court to guess at the meaning of ambiguous records when the defendant

has failed to carry his burden of proof. See United States v. Charles, 389 F.3d 797, 799 (8th. Cir. 2004) (although conviction records "do not specifically indicate that [defendant] was advised of his right to appointed counsel," defendant failed to meet his burden of proof by offering no "additional evidence" to support his claim).

The Missouri Supreme Court Rules require a written waiver of counsel if a defendant decides to proceed without an attorney. Mo. Sup. Ct. R. 37.58(d). Citing State v. Nichols, 207 S.W.3d 215, 226 (Mo. Ct. App. 2006), Coppage argues that the absence of such a waiver on file should result in reversible error. But in Nichols and the other Missouri cases Coppage cites for this proposition, it was undisputed that defendants had been unrepresented by counsel, and they were able to carry their burden by proving that they had not knowingly signed a waiver. See Peterson v. State, 572 S.W. 2d 475 (Mo. banc. 1978); City of St. Peters v. Hodak, 125 S.W. 3d 892 (Mo. Ct. App. 2004). In contrast, nowhere does Coppage actually claim that he was not provided with counsel for his 2010 convictions. He simply argues that the record does not demonstrate he was provided with counsel or waived his right to one. We find that "a complete failure to allege the absence of counsel falls far short of meeting the factual burden of proof" imposed on Coppage. United States v. Ramon-Rodriguez, 492 F.3d 930, 939 (8th Cir. 2007).

The district court found, based on the testimony of a United States probation officer, that it was the "practice and policy" of the Kansas City Municipal Court to advise all individuals of their right to an attorney.[2] Additionally, it was long-established law at the time of Coppage's 2010 convictions that there is a Sixth Amendment right to counsel for municipal convictions that result in jail time.

---

[2] The probation officer also testified that the original ticket records of Coppage's convictions were available in hard copy from the municipal court's archives; yet neither party offered them as exhibits at the sentencing hearing. We note the parties describe these records as costing as much as $25 per ticket to obtain, but we do not understand Coppage to argue he was denied access to these archived records because of his indigency or lack of funds for this purpose.

See <u>Argersinger v. Hamlin</u>, 407 U.S. 25 (1972). Under the "presumption of regularity," and without affirmative evidence from Coppage to rebut this presumption, it was permissible for the district court to conclude that Coppage failed to meet his burden of proving his prior convictions were obtained in violation of his constitutional right to counsel. <u>Parke</u>, 506 U.S. at 30–31.

### III. Conclusion

Accordingly, we affirm the judgment of the district court.

_____