# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2479

_____

United States of America

*Plaintiff - Appellee*

v.

Laura Giaimo

*Defendant - Appellant*

Anthony Martin Giaimo

*Defendant*

Laura Giaimo, as Trustees of the A. Martin Giaimo Family Trust

*Defendant - Appellant*

Anthony Martin Giaimo, as Trustees of the A. Martin Giaimo Family Trust;
Community Connections Management; Heritage Residents Association

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 10, 2017
Filed: April 17, 2017

_____

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Taxpayer Laura Giaimo appeals from the District Court's[1] grant of summary judgment in favor of the United States in this action to reduce a tax lien to judgment and foreclose upon real property. Giaimo incurred substantial tax liabilities in the 1990s when she failed to properly handle taxes associated with a day-care business she operated. The sole question before our court is whether an underlying Tax Court appeal Giaimo filed in March 2006 served to toll the limitations period applicable to the government's current collection efforts. It is undisputed that if tolling applies, the collection efforts are timely.

In arguing the 2006 Tax Court appeal did not toll the limitations period, Giaimo presents two theories. First, as a matter of statutory interpretation, she argues her 2006 Tax Court appeal was incapable of tolling the present lien enforcement action. Second, she argues that even if her Tax Court appeal otherwise might be capable of tolling the limitations period, her 2006 Tax Court petition was untimely such that the Tax Court in that proceeding lacked jurisdiction and effected no tolling. We reject her arguments and affirm the judgment of the District Court.

## I. Background

A personal bankruptcy delayed assessment of taxes against Giaimo for tax years 1992–94. In an adversary proceeding, the bankruptcy court determined her taxes, a debt that was not dischargeable in bankruptcy. In 1999, in accordance with

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

the bankruptcy court's determination, the IRS assessed her taxes for years 1992–94. Then, in February 2005, the IRS sent Giaimo a notice of intent to levy. In April 2005, the IRS sent Giaimo a notice of federal tax lien filing. In response, in April 2005, Giaimo sent a request for a collection due process hearing asserting challenges to the proposed levy and lien. The IRS considered her challenge to the February levy notice untimely and her challenge to the April lien notice timely. As a result, she received a collection due process hearing as to the lien, but she received only an "equivalent hearing" as to the levy.[2] On February 13, 2006, the IRS sent Giaimo a notice of determination regarding the collection due process hearing and a decision letter regarding the equivalent hearing. The IRS rejected her challenges and indicated she could appeal the notice of determination arising from the collection due process hearing to the Tax Court. The IRS stated, however, that she had no right to appeal the decision letter from the equivalent hearing.

On March 11, 2006, Giaimo signed and dated a form Tax Court petition, checking several boxes and including additional comments. In particular, she checked a box labeled, "Petition for Lien or Levy Action (Collection Action)." The record does not indicate when she placed the petition in the mail, but her petition was stamped and entered into the Tax Court docket on Monday, March 20, 2006, the third working day after the otherwise applicable thirty-day deadline for filing an appeal,

---

[2]Pursuant to 26 U.S.C. § 6330(a)(2) and (a)(3)(B), a taxpayer has thirty days following the notice of enforcement action to request a collection due process hearing. Pursuant to 26 C.F.R. § 301.6330-1(i), a taxpayer who misses the deadline to request a collection due process hearing may request a hearing known as an "equivalent hearing." The determination from an equivalent hearing is not a formal "Notice of Determination," but rather, is a "Decision Letter" and generally is not judicially reviewable. In essence, the equivalent hearing is a sort of backstop or safeguard to provide an additional level of administrative review even though no statutory authority exists for a general Tax Court appeal following such a hearing.

March 15, 2006.[3] The Tax Court docket does not indicate any party challenged the court's jurisdiction or suggested the appeal was untimely. And, the Tax Court, in fact, exercised jurisdiction. Eventually, the IRS moved for summary judgment. In April 2007, the Tax Court issued its ruling granting judgment in favor of the IRS.

Subsequently, in March 2011, the United States filed the present action to enforce its lien and foreclose upon real property. The United States moved for summary judgment, and Giaimo argued the enforcement action was untimely, asserting that the Tax Court appeal did not toll the limitations period. In the District Court, for the first time, Giaimo alleged that her 2006 Tax Court petition was untimely and that the Tax Court lacked jurisdiction. The District Court granted summary judgment, rejecting Giaimo's argument and finding the limitations period tolled during pendency of the Tax Court action and for 90 days thereafter. Giaimo appeals.

## II. Discussion

### A. Lien vs. Levy

Section 6502 of the Tax Code authorizes collection activities for ten years following assessment. 26 U.S.C. § 6502(a) ("Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected *by levy or by a proceeding in court*, but only if the levy is made or the proceeding begun--(1) within 10 years after the

---

[3]The Tax Code section governing liens, 26 U.S.C. § 6320, incorporates by reference several subsections of the section governing levies, § 6330, including the thirty-day deadline for filing a Tax Court petition as set forth in § 6330(d)(1). See 26 U.S.C. § 6320(c) ("Conduct of hearing; review; suspensions.--For purposes of this section, subsections (c), (d) (other than paragraph (3)(B) thereof), (e), and (g) of section 6330 shall apply.").

assessment of the tax.") (emphasis added). Section 6330(e)(1), expressly dealing with levies, provides that "the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending." Section 6320(c), expressly dealing with liens, incorporates by reference the tolling provisions of § 6330(e).

Because § 6330(e) expressly addresses hearings and challenges to proposed levies, the lien statute's incorporation by reference of the § 6330(e) levy-related tolling provisions arguably introduces grammatical uncertainty. Seeking to take advantage of this arguable uncertainty, Giaimo argues that the statutory scheme creates a "two-track" system that treats tolling differently depending upon what issues a taxpayer elects to appeal in Tax Court. According to Giaimo, a Tax Court appeal as to one proposed collection mechanism only suspends enforcement and tolls limitation periods as to the particular type of collection mechanism raised in the taxpayer's challenge. Pursuant to this argument, Giaimo asserts that her own Tax Court appeal did not involve a challenge to a lien, and therefore, the ten year limitations period for enforcement of the lien was not tolled during her Tax Court appeal.

We reject Giaimo's "two-track" statutory interpretation argument as factually inapplicable to her case. The only issue she was permitted by statute to appeal to the Tax Court in March 2006 was her challenge arising from the collection due process hearing on the lien issue. Compare 26 U.S.C. § 6330(d)(1) ("The person may . . . petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter).") with 26 C.F.R. § 301.6330-1(i)(1) & (2)(Q & A-I6) ("Section 6330 does not authorize a taxpayer to appeal the decision of Appeals with respect to an equivalent hearing."). The Tax Court is an Article I court with limited statutory jurisdiction. The levy issue arose from an equivalent hearing

resulting in a decision letter permitting no Tax Court appeal. The decision letter itself conveyed this fact when addressing the untimeliness of Giaimo's request for a collection due process hearing as to the notice of levy: "[Y]ou received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Section 6330." Like the District Court, we view her Tax Court petition as raising the only permissible challenge she could have raised at that time: a challenge to the lien.

In arguing her Tax Court appeal was not an appeal as to the lien issue, Giaimo notes that, on her Tax Court petition, she checked the box identifying her petition as a "Petition for Lien or Levy Action (Collection Action)." Also, comments she provided in her petition referenced a "notice of Tax Levy" and appeared to suggest the underlying assessment determinations were incorrect or untimely. Based on these comments, Giaimo argues that questions of fact exist as to the purpose and intent of her appeal. According to Giaimo, summary judgment standards preclude our court from drawing adverse inferences about her intent and purpose in filing her petition.

We disagree. Regardless of what other issues Giaimo impermissibly might have attempted to raise in her Tax Court appeal, she actually possessed only the right to appeal the lien issue. When Giaimo filed her appeal, she placed a challenge to the lien before the Tax Court. Accordingly, while we are skeptical of the merits of Giaimo's "two-track" legal theory, her theory is factually inapplicable and we need not consider it in this appeal.

## B. Timeliness of the 2006 Tax Court Appeal

Giaimo also argues her March 2006 petition to the Tax Court was untimely such that the Tax Court did not actually obtain jurisdiction over her case, and therefore, could not toll the ten-year limitations period. The government argues the fact of the Tax Court's jurisdiction is *res judicata* and cannot be addressed. We

conclude it is unnecessary to invoke principles of *res judicata* because Giaimo failed to demonstrate her petition was untimely.

A presumption of regularity applies to a long-closed proceeding. See Parke v. Raley, 506 U.S. 20, 29–30 (1992) (stating that the burden of proof must be on the party collaterally attacking an otherwise final judgment so that courts do not "improperly ignore [a] presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 468 (1938))); United States v. Coppage, 772 F.3d 557, 559 (8th Cir. 2014) ("A presumption of regularity . . . attaches to final judgments, even when the question is waiver of constitutional rights." (alteration in original) (citation omitted)). Under such a presumption, the party challenging the validity of the prior proceeding must be assigned the burden of proof. Coppage, 772 F.3d at 559. In the present case, Giaimo's burden is heavy given that: she initiated the Tax Court proceeding; she signed and dated the petition four days before the statutory deadline; the Tax Court deemed the petition timely filed; she failed to challenge jurisdiction while in the Tax Court; she did not appeal the Tax Court's judgment; and she failed to collaterally attack the Tax Court's judgment for many years.

In an attempt to prove her Tax Court petition was untimely, Giaimo identifies the deadline for her petition as Wednesday, March 15, 2006. She also points out that her petition was entered into the Tax Court docket on Monday, March 20, the third working day after the deadline. She infers that, because the date reflected in the docket is past the filing deadline, she has met her burden.

This argument is easily dismissed based upon the mailbox rule, a common sense understanding of the time required for mail delivery, and the relevant days of the week at issue. Pursuant to 26 U.S.C. § 7502, a document is deemed filed on the day it is placed in United States mail. The Tax Court received Giaimo's petition no later than Monday, March 20, 2006. It may well have arrived at the Tax Court on the

preceding Friday, or even on Saturday, assuming such delivery was possible. Monday is merely the third working day after the Wednesday deadline. The Monday docket entry is entirely consistent with Giaimo placing her petition in the mail on or prior to the filing deadline. As such, the timing identified by Giaimo undercuts, rather than supports, her argument. Giaimo, therefore, cannot overcome her burden by pointing to these dates.

In an effort to avoid the mailbox rule, Giaimo points out that, to rely upon the mailbox rule, a litigant typically must produce a postage mark or registration. It is true that, if raised at an appropriate time during an initial proceeding to which the mailbox rule applies, the party seeking the benefit of the rule generally must prove a date of mailing with competent evidence such as the United States postmark on the document or the registration (if sent by registered mail). See, e.g., Estate of Wood v. Comm'r, 909 F.2d 1155, 1161 (8th Cir. 1990) ("To obtain the benefit of section 7502, the taxpayer must offer proof of postmark . . . ."). The present case, however, involves a long-belated collateral attack in a separate forum by the party who previously sought and obtained the exercise of Tax Court jurisdiction. In the unique circumstances of this extremely tardy challenge, Giaimo cannot rely upon the absence of evidence of a date of mailing to carry her own heavy burden to disprove the Tax Court's jurisdiction over her 2006 appeal.

For the foregoing reasons, we affirm the judgment of the District Court.

————————————————